UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) PHILLIPS CHARLES,<br>   a/k/a "PHON C",<br><br>(2) JAIIR COLEMAN, a/k/a "JC",<br>   a/k/a "Chino", and<br><br>(3) CHRISTINA BERNBAUM,<br>   a/k/a "Tina"<br><br>          Defendants | Criminal No. 21-10099-NMG<br><br>Violations:<br><br><u>Count One</u>: Conspiracy to Manufacture, Distribute and to Possess with Intent to Distribute 28 Grams or More of Cocaine Base, Cocaine, Fentanyl, Oxycodone, and Marijuana (21 U.S.C. § 846)<br><br><u>Count Two</u>: Conspiracy to Possess Firearms in Furtherance of, and Use and Carry Firearms During and in Relation to, a Drug Trafficking Offense (18 U.S.C. § 924(o); 18 U.S.C. § 2)<br><br><u>Count Three</u>: Possession of a Machinegun (18 U.S.C. § 922(o))<br><br><u>Count Four</u>: Possession of a Machinegun in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A) and (B)(ii); 18 U.S.C. § 2)<br><br><u>Drug Forfeiture Allegation</u>: (21 U.S.C. § 853)<br><br><u>Firearm Forfeiture Allegation</u>: (18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

SUPERSEDING INDICTMENT

COUNT ONE
Conspiracy to Manufacture, Distribute and to Possess with Intent to Distribute
28 Grams or More of Cocaine Base, Cocaine, Fentanyl, Oxycodone, and Marijuana
(21 U.S.C. § 846)

The Grand Jury charges:

Between on or about March 25, 2019 and March 4, 2021, in Boston, Cambridge, Chelsea, Everett, Lynn, Malden, Somerville, and Woburn, in the District of Massachusetts, the District of Maine, and elsewhere, the defendants,

  (1)  PHILLIPS CHARLES, a/k/a/ "PHON C";

  (2)  JAIIR COLEMAN, a/k/a "JC", a/k/a "Chino"; and

  (3)  CHRISTINA BERNBAUM, a/k/a "Tina"

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally manufacture, distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture and substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance, a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, a mixture and substance containing a detectable amount of marihuana, a Schedule II controlled substance, and other controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

  It is further alleged that the offense charged in Count One involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.   Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii), is applicable to this Count.

  It is further alleged that, with respect to Count One, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) PHILLIPS CHARLES, a/k/a/ "PHON C"; (2) JAIIR COLEMAN, a/k/a "JC", a/k/a "Chino", and (3) CHRISTINA BERNBAUM, a/k/a "Tina".   Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) is applicable to (1) PHILLIPS CHARLES, a/k/a/ "PHON C", (2) JAIIR COLEMAN, a/k/a "JC", a/k/a "Chino", and (3) CHRISTINA BERNBAUM, a/k/a "Tina".

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
### Conspiracy to Possess Firearms in Furtherance of, and Use and Carry Firearms During and in Relation to, a Drug Trafficking Offense
(18 U.S.C. § 924(o); 18 U.S.C. § 2)

The Grand Jury further charges:

Between on or about March 25, 2019 and March 4, 2021, in Boston, Cambridge, Chelsea, Everett, Lynn, Malden, Somerville, and Woburn, in the District of Massachusetts, the District of Maine, and elsewhere, the defendants,

(1)    PHILLIPS CHARLES, a/k/a/ "PHON C";

(2)    JAIIR COLEMAN, a/k/a "JC", a/k/a "Chino"; and

(3)    CHRISTINA BERNBAUM, a/k/a "Tina"

conspired with each other, and with other persons known and unknown to the Grand Jury, to knowingly possess firearms in furtherance of, and use and carry firearms during and in relation to, a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: conspiracy to manufacture, distribute and possess with intent to distribute 28 grams or more of cocaine base, a Schedule II controlled substance, cocaine, a Schedule II controlled substance, fentanyl, a Schedule II controlled substance, oxycodone, a Schedule II controlled substance, marihuana, a Schedule I controlled substance, and other controlled substances, in violation of Title 21, United States Code, Section 846, as set forth in Count One of this Superseding Indictment.

It is further alleged that the offense charged in Count Two included at least one firearm that is a machinegun, as defined by 18 U.S.C. § 921(a)(23), and 26 U.S.C. § 5845(b).

All in violation of Title 18, United States Code, Sections 924(o) and 2.

COUNT THREE
Possession of a Machinegun
(18 U.S.C. § 922(o))

The Grand Jury further charges:

On or about January 6, 2021, in Malden, Salem, and Lynn, in the District of Massachusetts, and elsewhere, the defendant,

(2)     JAIIR COLEMAN, a/k/a "JC", a/k/a "Chino",

did knowingly possess a machinegun, that is, a 9mm caliber, Polymer 80 Inc., model PF940C machinegun with no serial number and an auto sear stamped "GLOCK" attached to the rear of the slide.

All in violation of Title 18, United States Code, Sections 922(o).

## COUNT FOUR
Possession of a Machinegun in Furtherance of a Drug Trafficking Crime
(18 U.S.C. § 924(c)(1)(A) and (B)(ii))

The Grand Jury further charges:

On or about January 6, 2021, in Malden, Salem, and Lynn, in the District of Massachusetts, and elsewhere, the defendant,

(2)      JAIIR COLEMAN, a/k/a "JC", a/k/a "Chino",

did knowingly possess a firearm, that is a 9mm caliber, Polymer 80 Inc., model PF940C machinegun with no serial number and an auto sear stamped "GLOCK" attached the rear of the slide, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to manufacture, distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

It is further alleged that the firearm and auto sear charged in Count Four constitute a machinegun, as defined by 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b).

All in violation of Title 18, United States Code, Sections 924(c)(1) (A) and (B)(ii).

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further finds:

1.     Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendants,

> (1) PHILLIPS CHARLES, a/k/a/ "PHON C";
>
> (2) JAIIR COLEMAN, a/k/a "JC", a/k/a "Chino"; and
>
> (3) CHRISTINA BERNBAUM, a/k/a "Tina"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.   The property to be forfeited includes, but is not limited to, the following assets:

> a.   $6,545 in United States currency, seized from Jaiir Coleman on January 6, 2021; and
>
> b.   $16,129 in United States currency, seized from Christina Bernbaum on March 4, 2021.

2.     If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third party;
>
> c.   has been placed beyond the jurisdiction of the Court;
>
> d.   has been substantially diminished in value; or
>
> e.   has been commingled with other property which cannot be divided without difficulty

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
### (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

1.  Upon conviction of the offense in violation of Title 18, United States Code, Sections 922 and 924, set forth in Counts Two, Three, and Four, the defendants,

> (1) PHILLIPS CHARLES, a/k/a/ "PHON C";
>
> (2) JAIIR COLEMAN, a/k/a "JC", a/k/a "Chino"; and
>
> (3) CHRISTINA BERNBAUM, a/k/a "Tina"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

    a.  a 9mm caliber, Polymer 80 Inc. model PF940C machinegun with no serial number and auto sear stamped "GLOCK" attached to rear of slide; and

    b.  Miscellaneous firearms and accessories, including, but not limited to:

        i.  a Ruger Model P95DC 9 mm pistol bearing serial number 314-62462;

        ii.  a Sig Sauer firearm;

        iii.  a Witness handgun;

        iv.  two Ruger firearms;

        v.  a firearm;

        vi.  four Ruger 9mm magazines;

        vii.  one Ruger magazine;

        viii.  seven .22 caliber rounds of ammunition;

        ix.  one Witness magazine;

        x.  Springfield 9mm magazines; and

        xi.  additional firearm accessories.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

      All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

FOREPERSON

PHILIP A. MALLARD
SARAH B. HOEFLE
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: APRIL 14, 2021
Returned into the District Court by the Grand Jurors and filed.

/s/ Harold Putnam  4/14/2021; 2:17 p.m.

DEPUTY CLERK

HON. MARIANNE B. BOWLER
United States Magistrate Judge

Date:  April 14, 2021

10