UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

PHILLIPS CHARLES

Defendant

Criminal No. 21-CR-10099-NMG

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

The government submits this memorandum in support of its recommendation for **78 months of incarceration** for the Defendant, followed by four years of supervised release. This recommendation reflects the seriousness of the offense, the need for deterrence and punishment, and is sufficient but no greater than necessary to accomplish the goals of sentencing.

**THE ADVISORY SENTENCING GUIDELINES**

The government agrees with the offense level calculation provided by U.S. Probation, which calculated the offense level in the final Presentence Report to be 27 (PSR ¶¶1-61).[1] With a criminal history score of 1, the criminal history category is I (PSR ¶¶64-66). Therefore, the guideline sentencing range ("GSR") calculated by Probation is 70 to 87 months (PSR ¶95). The Plea Agreement entered into by the parties under Fed. R. Crim. P. 11(c)(1)(C) calls for a sentence of 78 months, which is essentially at the mid-range of the GSR (ECF #155).

**ARGUMENT**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). Among those factors are the "nature and circumstances of the

[1] This is consistent with the calculation set forth in the Plea Agreement (ECF #155).

offense," promoting respect for the law, and providing just punishment. See 18 U.S.C. § 3553(a)(2)(A). The sentence must also afford "adequate deterrence" for both the defendant and others. See 18 U.S.C. § 3553(a)(2)(B) (the court may impose a sentence "to afford adequate deterrence to criminal conduct"). Lastly, the sentence must protect the public from the further crimes of the Defendant. See 18 U.S.C. § 3553(a)(2)(C) ("protect the public from further crimes of the defendant"). Consideration of the § 3553(a) factors demonstrates that a sentence of 78 months is sufficient, but not greater than necessary, to meet the goals of sentencing.

**A. Nature and Circumstances of the Offenses**

As described in the presentence report, the Defendant and other coconspirators, distributed controlled substances and acquired firearms in furtherance of those efforts. The Defendant's arrest in October 2019 with Jaiir Coleman revealed a sizeable quantity of cocaine base on the Defendant's person (PSR ¶¶8-13). After his bail was posted, the Defendant gained release and his crimes only escalated.

Clearly, the Defendant did not take the initial state drug charges seriously, reoffended in short order and all but mocked the terms of his pretrial release. The Defendant appeared in publicly posted music videos with nearly numerous firearms, including a firearm with an attached "selector switch" (a device that converts the firearm into a machinegun). The second video is especially brazen for the Defendant who was then out on pretrial release for a serious drug offense when it was filmed. In the music video, the Defendant can be observed handling a firearm and pointing it at the camera. See PSR ¶¶18-24. Other videos and text messages recovered from cellular phones proved that the Defendant historically possessed a number of other firearms as well. See PSR ¶26.

That is not to say, these guns were merely for show. As the PSR makes clear, the Defendant was implicated in a shooting taking place in October 2020. This incident certainly involved the

Defendant – who is visible on mall surveillance video – and another individual (C.R.). In the surveillance video, the Defendant and C.R. come into contact with a person who is believed to be a rival gang member (the "victim") in the Square One Mall in Saugus. The victim and his family (including girlfriend carrying their one-year-old child) walk by the Defendant and C.R. in the otherwise empty mall. For their part, the Defendant and C.R. made a comment concerning the victim that was overhead by the victim's girlfriend as she walked by. After exiting the mall, the victim and his family get into their car and head southbound on Route 1, when they are then pursued, inferably, by this Defendant and C.R. in their own vehicle. As they reached Chelsea, at least seven rounds were fired at the victim's vehicle by the occupants of the pursuing vehicle. [2]

After this, the Defendant was arrested in December 2020, while on pretrial release. The Defendant was pulled over for driving recklessly on the highway, and a firearm and drugs were located in the vehicle (PSR ¶14). The government believes that a 78-month sentence is proportional and commensurate with the nature of the Defendant's offenses. All told, this sentence will end the Defendant's nonchalant attitude toward drug dealing, firearms, and violence.

**B. Criminal History, Specific Deterrence, Punishment**

This is the Defendant's first conviction, and he has but a single criminal history point (PSR ¶64). Given this criminal history and escalating criminal behavior before federal prosecution, a 78-month sentence is an appropriate response and means of assuring specific deterrence and punishment. This Defendant must be specifically deterred from crimes in the future and a 78-month sentence is a significant period of time for an individual who is otherwise a first-time

[2] In December 2020, C.R. was arrested on outstanding warrants. At the time of his arrest, C.R. was in possession of a 9mm Luger Glock model 43 semi-automatic pistol serial# ABVZ275, that was identified as having fired the casings recovered from the October 1, 2020 shooting. See Exhibit 1 (toolmarking comparison identifying firearm as having discharged the seven casings from 10/1/2020 scene submitted under MSP case #20-21810).

offender. A serious sentence such as this, imposed early, will hopefully have a chastening effect.

The message sent by the proposed sentence is clear. Drug trafficking, firearms, and violence associated with firearms will result in a significant portion of your adult life being spent behind bars. Through the agreed-to term of imprisonment, this deterrent message will be sent immediately, with the hope that the Defendant would not be inclined to spend even more time in prison.

**C. General Deterrence, Promotion of Respect for the Law, and Public Protection**

General deterrence and promotion of respect for the law must also be considered, and this Court should be mindful of the message that the sentence will send to drug dealers, gang members, and firearms traffickers. To that end, a sentence of 78 months sends a strong deterrent message of what sort of sentence can be expected for those who wield firearms, take advantage of pretrial release, and profit from the misery of persons addicted to controlled substances. In this case, that message is even more clarion in that it will be strongly sent to other would-be offenders who lack a serious criminal record and might think a lesser penalty is in store.

This sentence of more than six years for a first-time felon will also protect the public from the violent potential of the Defendant. This is a sentence that will remove him from society and justly punish him for these offenses. Lastly, the swiftly imposed 78-month sentence -- given the Defendant's acceptance of responsibility, uncontested detention, and willingness to plead guilty without any litigation -- certainly promotes respect for the law.

## CONCLUSION

Based upon the foregoing, the government requests that the Court impose a sentence of 78 months, followed by four years of supervised release.

Respectfully submitted,

JOSHUA S. LEVY,
First Assistant United States Attorney
Acting Under Authority Conferred
by 28 U.S.C. § 515

By: */s/ Philip A. Mallard*
PHILIP A. MALLARD
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston MA 02210
617-748-3674

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
Assistant U.S. Attorney

Date: August 31, 2022